UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNARD H. STANSBURY**  **CIVIL ACTION**

**VERSUS**  **NO. 21-1909**

**MCCARTY CORPORATION, ET AL.**  **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are third-party defendants Huntington Ingalls Incorporated[1] and Albert Bossier, Jr. ("Avondale")'s notice of removal (Rec. Doc. 1), plaintiff Lennard H. Stansbury's motion to remand (Rec. Doc. 7), Avondale's memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 21), defendant and third-party plaintiff Employers Insurance Company of Wausau ("Wausau")'s memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 23), and plaintiff's reply in support of his motion to remand (Rec. Doc. 60). For the following reasons,

**IT IS ORDERED** that the motion to remand is **DENIED**.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Lennard H. Stansbury alleges exposure to asbestos when he worked at various industrial and marine jobsites in the greater New Orleans, Louisiana area from approximately 1966 to the late 1970s. The jobsites included Avondale's shipyard and Dixie Machine, Welding & Metal Works, Inc., the latter of which is

---

[1] F/K/A Northrup Grumman Ship Systems, Inc., F/K/A Avondale Industries, Inc.

1

insured by Wausau. Rec. Doc. 7-1 at 3; Rec. Doc. 1-1 at 2; Rec. Doc. 1-2 at 24. Plaintiff currently suffers from mesothelioma which he attributes to his occupational exposure to asbestos. Rec. Doc. 7-1 at 3.

On November 20, 2020, plaintiff filed suit in state court alleging negligence, product liability, and tort liability related to asbestos exposure. Rec. Doc. 1-1 at 4. The parties subsequently obtained and produced medical records and exchanged discovery and responses. Rec. Doc. 7-1 at 4. In March 2021, defendants took plaintiff's deposition, during which both Wausau and Avondale questioned plaintiff. *Id.* On July 28, 2021, the state court set plaintiff's trial for January 18, 2022. *Id.* at 3. Wausau filed a third-party demand on August 24, 2021, naming Avondale as a third-party defendant. *Id.* at 4. Avondale then filed a notice of removal on October 19, 2021. Rec. Doc. 1. Plaintiff subsequently filed the instant remand motion (Rec. Doc. 7) and defendants responded shortly thereafter (Rec. Docs. 21, 23).[2]

II. **LAW AND ANALYSIS**

    **A. Supplemental Jurisdiction Standard**

In determining whether to relinquish jurisdiction over a supplemental state law claim, the Court must look to the statutory

---

[2] Only Wausau and Avondale submitted responses in opposition to plaintiff's motion to remand. *See* Rec. Docs. 21 and 23. However, defendants Hopeman Brothers, Inc., Anco Insulations, Inc., Bayer CropScience, Inc., and Sank, Inc. all moved to join and adopt Wausau and Avondale's oppositions, which the Court granted. *See* Rec. Docs. 24, 25, 33, 36, 49, 61.

factors set forth by 28 U.S.C. § 1367(c), as well as to common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011). By statute, the district court can decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim over which the district court has jurisdiction,
> (3) the district court dismissed all claims over which it had original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Additionally, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendant jurisdiction doctrine supports a remand in the case." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988). "No single factor is dispositive." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

    **B.    State Law Claims Do Not Predominate**

Plaintiff effectively concedes, and this Court agrees, that defendants' removal to federal district court was proper under 28 U.S.C. § 1442(a). *See* Rec. Doc. 60 at 2; Rec. Doc. 21 at 1; *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 606 n.4 (5th Cir. 2018) (quoting *Savoie v. Huntington Ingalls, Inc.*, 817

3

F.3d 457, 463 (5th Cir. 2016)) ("Removal of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute."). Plaintiff claims, however, that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and allow Wausau's third-party claim to remain in federal court under a stay. Rec. Doc. 7-1 at 2. According to plaintiff, because the basis for removal is a third-party claim, not a direct one, then plaintiff's exclusively state law claims predominate, and this Court should decline to exercise supplemental jurisdiction on the state law claims. *Id.* (citing 28 U.S.C. § 1367(c)(2)).

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage," a court can remand the state claim. *Id.* at 727. An action does not predominate over another when they are both "sufficiently intertwined." *United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.*, 569 F. Supp. 2d 658, 667 (E.D. La. 2008).

Here, the state law and federal claims are sufficiently intertwined. *See Lindsay v. Ports Am. Gulfport, Inc.*, No. 16-3054,

4

2016 WL 3765459, at *8 (E.D. La. July 14, 2016) (finding claims of contribution and/or indemnification to be part of the same case or controversy in an asbestos suit). Plaintiff alleges that he contracted mesothelioma from asbestos exposure while working at a variety of jobsites, including both Avondale Shipyards and Dixie Machine. *See* Rec. Doc. 1-1 at 2; Rec. Doc. 1-2 at 2; Rec. Doc. 1-5 at 2-8. He sued Wausau, but not Avondale. *See* Rec. Doc. 60 at 2. Wausau then sued Avondale for its virile share contributions based on plaintiff's own admission that he was exposed to asbestos while employed by Avondale. *See* Rec. Doc. 1-2 at 24; Rec. Doc. 1-5 at 2-8. Accordingly, plaintiff's allegations regarding asbestos exposure and Wausau's claim that Avondale is partially responsible for that exposure involve a single wrong—that plaintiff was exposed to asbestos during the course of his employment. *See* Rec. Doc. 1-2 at 11-12. Moreover, discovery related to plaintiff's alleged occupational exposure will be necessary to resolve both the direct and the third-party claims. *See Lindsay*, 2016 WL 3765459, at *8; Rec. Doc. 21-1 at 1. Thus, Wausau's third-party claims against Avondale arise from the same factual circumstances as plaintiff's main demand, and consequently, plaintiff's state law claims do not predominate. *See Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 428 (E.D. La. 2010) (finding when the federal and state actions involve substantially the same facts and evidence, the state claims do not predominate); *United Disaster Response*, 569 F. Supp. 2d at 667

5

(finding that when the scope of the issues presented, the damages alleged, and the evidence required to prove both are substantially the same, the state law claims do not predominate).

Plaintiff, however, urges the Court to equate this instant case with *Crocker v. Borden, Inc.*, 852 F. Supp. 1322 (E.D. La. 1994). Nevertheless, in *Crocker*, the factual circumstances of the state law and federal claims were distinct. That case had a total of 3,000 asbestos plaintiffs, with ten immediately set for trial. *Crocker*, 852 F. Supp. at 1324. One defendant filed a third-party claim against Westinghouse, a party not named by the plaintiffs, and then Westinghouse removed the ten actions set for trial to federal court. *Id.* The court noted that "very few of the 3,000 plaintiffs, and perhaps none of the plaintiffs [set for trial], may have been exposed to asbestos contained in the Westinghouse marine turbines. The plaintiffs make no claim for such exposures." *Id.* at 1330. Therein lies a key difference. The factual circumstances were not the same between the state law and federal claims in *Crocker* because the third-party defendant removing the case may not have even contributed to plaintiffs' exposure to asbestos.

Here, there is only one plaintiff and he acknowledges that Avondale Shipyards is one of the jobsites related to his asbestos-related malignant mesothelioma. *See* Rec. Doc. 1-2 at 24; Rec. Doc. 1-5 at 2-8. Counsel for plaintiffs also stated that Avondale was

one of the companies that could be "amended into this suit at a future date, or third-partied in by the current defendants," presumably because they knew that Avondale was a site of plaintiff's exposure. *See* Rec. Doc. 21-1 at 1. Thus, it seems logical that the Court in *Crocker* found the "state law claims substantially predominat[ed] over the lone federal claim;" the factual circumstances of the state and federal claims were different, as the removing third-party defendant may have not been related to plaintiffs' claims. But here, where the plaintiff acknowledges exposure from the removing third-party defendant, and a direct defendant demands contribution from that removing party, the claims become "sufficiently intertwined so that one does not predominate over the other." *See Lang*, 735 F. Supp. 2d at 428. That the removing party was a third-party defendant, rather than a direct one, is not dispositive in deciding whether to exercise supplemental jurisdiction over plaintiff's state law claims. *See, e.g.*, *Shimon v. Sewerage & Water Bd. of New Orleans*, No. 05-1392, 2007 WL 4414709, at *1, *7 (E.D. La. Dec. 14, 2007) (deciding to exercise supplemental jurisdiction over plaintiff's state law claims when a third-party defendant removed to federal court under the Federal Officer Removal Statute); *Lindsay*, 2016 WL 3765459, at *1-2, *8 (denying severance and remand when a third-party defendant removed based on a federal claim); *Montegut v. Bunge N. Am., Inc.*, No. 08-1740, 2008 WL 2178082, at *1-2 (E.D. La. May 21, 2008)

(denying severance and remand when a third-party defendant removed based on a federal claim). Consequently, the second statutory factor militates against remand.[3]

### C. Exceptional Circumstances and Common Law Factors

Plaintiff also claims that the fourth statutory factor favors remand. Rec. Doc. 7-1 at 2 (citing 28 U.S.C. § 1367(c)(4)). He contends that his "dire medical prognosis and fast approaching state court trial date" are exceptional circumstances for declining jurisdiction. *Id.* When analyzing whether exceptional circumstances favor remand, courts often consider the common law factors in tandem. *See Enochs*, 641 F.3d at 159. Thus, the Court addresses plaintiff's claims for exceptional circumstances along with considerations of judicial economy, convenience, fairness, and comity.

While the Court sympathizes with plaintiff's serious medical issues and desire to "have his day in court," plaintiff's health status is not necessarily an exceptional circumstance requiring remand. *See Montegut,* 2008 WL 2178082, at *2 ("Plaintiff's concern that he will not survive to see his lawsuit through if it remains in federal court is misplaced."). The Court must also consider judicial economy. *Id.; see also Enochs*, 641 F.3d at 158. In

---

[3] Plaintiff also cites *Genusa v. Asbestos Corp. Ltd.* to argue that plaintiff's state law claims predominate over the federal one. Rec. Doc. 7-1 at 9 (citing 18 F. Supp. 3d 773 (M.D. La. 2014)). However, in *Genusa*, the removing party did not oppose remand and the Court found the third-party claims to be separate and independent from the main demands, unlike here. *See* 18 F. Supp. 3d at 788.

8

addressing judicial economy, plaintiff insists this case is just like *Crocker*, but there are key differences. Rec. Doc. 7-1 at 7. In *Crocker*, the claims of 3,000 plaintiffs had already been pending in state court for three years, the direct defendant filed a cross-claim against Westinghouse over two years after plaintiffs filed suit, voluminous document production had occurred including production of extensive medical records for eleven plaintiffs, the removing defendant was a "non-traditional defendant" outside of the "asbestos industry," trial was set for the next month, the removing party had not yet participated in discovery, and if the state law claims were not remanded, they would have joined a multidistrict litigation (MDL) suit. 82 F. Supp. at 1329. Similarly in *Madden v. Able Supply Co.*, another case plaintiff cites, the case was pending for nearly two years, the parties had "spent considerable time and money preparing for a state court trial," the trial was two months away, and the state law claims would likely be transferred to an MDL. 205 F. Supp. 2d 695, 702 (S.D. Tex. 2002).

    Here, one plaintiff's claims were filed just over a year ago and while the Court recognizes the parties have obtained and produced medical records and that discovery was "due to be completed by Thanksgiving," the Court must also consider that "it is not economical to require a case that could be resolved in one court to proceed in two courts." *ESI/Employee Solutions, L.P. v.*

9

*City of Dallas*, 450 F. Supp. 3d 700, 730 (E.D. Tex. 2020); *see* Rec. Doc. 7-1 at 12. This Court has not yet invested a substantial amount of judicial resources into the case, but unlike in *Crocker* and *Madden*, where there were concerns that the plaintiff's claims might languish in an MDL, here, there is no reason to suggest that all the claims could not proceed speedily to trial. Plaintiff persuasively argues that "only at the tail end of this litigation, in the event a judgment is entered on behalf of the Plaintiff, will a federal defense be implicated." Rec. Doc. 7-1 at 11. But when defendant's claim for contribution, like here, are directly related to plaintiff's negligence, tort liability, and product liability claims, then they are part of the same case or controversy, and the common law factors of fairness and comity do not necessarily dictate remand. *See Lindsay*, 2016 WL 3765459, at *8. As in *Crocker* and *Madden*, the Court finds itself making this decision on the eve of plaintiff's state court trial date. *See* Rec. Doc. 7-1 at 12. However, an impending trial date in state court, such as exists here, does not necessarily warrant remand. *See Jackson v. Miss. Farm Bureau Mut. Ins. Co.*, 947 F. Supp. 252, 257 (S.D. Miss. 1996).[4]

---

[4] The last common law consideration, the convenience factor, is neutral here as all the individuals and attorneys involved in the litigation appear to reside in the vicinity of this Court. Thus, retention of jurisdiction would cause no more inconvenience then remand would entail. *See Guillot v. Bellsouth Telecomms., Inc.*, 923 F. Supp. 112, 114 (W.D. La. 1996); *Enochs*, 641 F.3d at 160; *see also* Rec. Doc. 23 at 13 (recognizing that "both the state court and the federal court are located in New Orleans").

10

Ultimately, the Court must weigh all the statutory and common law factors in determining whether to decline supplemental jurisdiction.[5] *See Brookshire Bros.*, 554 F.3d at 602. Plaintiff persuasively analogizes the instant matter to *Crocker* and *Madden*. *See* Rec. Doc. 7-1 at 7-8, 12. But when plaintiff acknowledges asbestos exposure from the third-party defendant removing the case to federal court, and lists the third-party defendant as a party that may be "amended into this suit at a future date," these two distinguishing facts suggest judicial economy, fairness, and the intertwined connection of the federal and state law claims slightly favor exercising supplemental jurisdiction over plaintiff's state law claims and maintaining all outstanding claims before one single court.[6] *See* Rec. Doc. 1-2 at 24; Rec. Doc. 21-1 at 1; *cf. Crocker*, 852 F. Supp. at 1330 (remanding state law claims when very few, if any, plaintiffs were exposed to asbestos from the removing defendant). This outcome especially follows when the state court case has only been pending for a year and when there is no reason

---

[5] The Court does not discuss the first and third statutory factors because as the parties acknowledge, and this Court agrees, these two prongs do not apply to the facts of this case. Rec. Doc. 23 at 5-6; Rec. Doc. 21 at 8; Rec. Doc. 7-1a at 5. This matter does not present any novel or complex issues of state law, nor have all the federal claims been dismissed. *See* 28 U.S.C. § 1367(c)(1), (3).

[6] Plaintiff even admits that the only reason he did not sue Avondale directly was to maintain his state court forum. *See* Rec. Doc. 60 at 2-3.

11

presented (such as an MDL) why the parties could not move speedily to trial in federal court.[7]

New Orleans, Louisiana this 5th day of January, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Again, as the Fifth Circuit noted in *Morgan*, under § 1442(a)(1) "[r]emoval of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute." 879 F.3d at 606 n.4 (citing *Savoie*, 817 F.3d at 463).