UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNARD H. STANSBURY**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 21-1909**

**MCCARTY CORPORATION, ET AL.**                   **SECTION "B"(3)**

ORDER AND REASONS

Considering defendant Dixie Machine, Welding & Metal Works, Inc. ("Dixie Machine")'s unopposed motion to dismiss for failure to state a claim (Rec. Doc. 115),

**IT IS ORDERED** that the motion is **DISMISSED AS MOOT** as to the claims of plaintiff Lennard H. Stansbury and cross claimant Huntington Ingalls Incorporated ("Huntington") and **DISMISSED WITHOUT PREJUDICE** as to Albert L. Bossier, Jr.'s claims. On January 26, 2022, Dixie Machine filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 115. Instead of opposing defendant's motion, plaintiff Lennard H. Stansbury filed a motion for leave to file a fourth amended complaint. Rec. Doc. 120. The attached amended complaint did not name Dixie Machine as a defendant. *See* Rec. Doc. 120-2 at 1-2. Magistrate Judge Dana Douglas granted plaintiff's motion for leave to file a fourth amended complaint and the amended complaint was filed into the record on March 8, 2022. Rec. Docs. 128, 129. As plaintiff's claims are no longer pending against Dixie Machine, the motion to dismiss regarding those claims is moot.

1

Additionally, in its motion to dismiss, Dixie Machine seeks relief from all claims asserted against it, including those from cross claimants Huntington and Albert L. Bossier, Jr. *See* Rec. Doc. 115 at 1. On May 17, 2022, Huntington filed a consent motion to dismiss all its cross claims and third-party claims against all cross claim and third-party defendants, which the Court granted on May 18, 2022. Rec. Docs. 168-69. As Huntington has already dismissed its claims against Dixie Machine, Dixie Machine's motion is also dismissed as moot as to Huntington's claims. *See id.*

Regarding Albert Bossier, Jr.'s claims against Dixie Machine, Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Here, Bossier, Jr. died on November 14, 2021. Rec. Doc. 101; *see also Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 1595837, at *1 (E.D. La. May 19, 2022). On January 7, 2022, Bossier, Jr.'s counsel filed a suggestion of death into the record of this case, which was electronically served to all counsel of record. Rec. Doc. 101. More than ninety days have passed since service of Bossier, Jr.'s suggestion of death, and no motion for substitution has been made. *See id.* Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss Bossier, Jr.'s cross claims

against Dixie Machine. *See* Fed. R. Civ. P. 25(a)(1); *Cortez*, 2022 WL 1595837, at *2 (dismissing Bossier, Jr.'s claims under identical circumstances); *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (acknowledging that after "service of the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed").

Finally, in its motion to dismiss, Dixie Machine does not specifically name any other cross claimants or third-party plaintiffs that have pending claims against defendant. *See* Rec. Doc. 115. To the extent that Dixie Machine seeks to dismiss the claims of any other party in this matter, Dixie Machine has leave to re-urge its motion to dismiss with those parties specifically designated.

New Orleans, Louisiana this 15th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

3