UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNARD H. STANSBURY**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 21-1909**

**MCCARTY CORPORATION, ET AL.**                         **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are defendants Bertram C. Hopeman and Liberty Mutual Insurance Company, as alleged insurer of Hopeman's alleged executive officers Albert Arendt Hopeman, Jr., Bertram C. Hopeman, Charles Johnson, and Kenneth Wood's motion to dismiss for failure to state a claim (Rec. Doc. 158), plaintiff's response in opposition (Rec. Doc. 167), and defendants' reply in support of their motion to dismiss (Rec. Doc. 172).

For the reasons discussed below,

**IT IS ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(6) (Rec. Doc. 158) is **GRANTED**, dismissing plaintiff's claims against Bertram C. Hopeman and Liberty Mutual Insurance Company, as the alleged insurer of Hopeman Brothers's alleged executive officers Albert Arendt Hopeman, Jr., Bertram C. Hopeman, Charles Johnson, and Kenneth Wood, **unless no later than July 8, 2022,** plaintiff files an amended complaint correcting deficiencies noted below.

1

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff Lennard H. Stansbury alleges exposure to asbestos when he worked at various industrial and marine jobsites in the greater New Orleans, Louisiana area from approximately 1966 to the late 1970s. The jobsites included Avondale Shipyard and Dixie Machine, Welding & Metal Works, Inc. Rec. Doc. 7-1 at 3; Rec. Doc. 1-1 at 2; Rec. Doc. 1-2 at 24. While plaintiff was an employee at Avondale, defendant Hopeman Brothers, Inc. was a seller, user, distributor, and/or supplier to Avondale Shipyard of asbestos-containing products known as marinite/micarta "sandwich" boards. Rec. Doc. 129 at 23. Plaintiff alleges that he was exposed to asbestos fibers generated by Hopeman Brothers employees who were cutting and manipulating Marinite/Micarta asbestos sandwich boards while at Avondale. *Id.; see also* Rec. Doc. 167 at 3. Plaintiff currently suffers from mesothelioma which he attributes to his occupational exposure to asbestos. Rec. Doc. 7-1 at 3.

On November 20, 2020, plaintiff filed suit in state court alleging negligence, product liability, and tort liability related to asbestos exposure. Rec. Doc. 1-1 at 4. Employers Insurance Company of Wausau filed a third-party demand on August 24, 2021, naming Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Huntington") as a third-party defendant. Rec. Doc. 1-4 at 19. Huntington then filed a notice of removal on October 19, 2021.

2

Rec. Doc. 1. Plaintiff subsequently filed a motion to remand (Rec. Doc. 7), which was denied by this Court on January 6, 2022. Rec. Doc. 98. On March 8, 2022, plaintiff filed a fourth amended complaint. Rec. Doc. 129. Defendants Bertram C. Hopeman and Liberty Mutual Insurance Company, as the alleged insurer of alleged executive officers Albert Arendt Hopeman, Jr., Bertram C. Hopeman, Charles Johnson, and Kenneth Wood ("Executive Officers"), filed the instant motion to dismiss for failure to state a claim on May 5, 2022. Rec. Doc. 158.

**II. LAW AND ANALYSIS**

   **A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Executive Officer Liability**

Generally, Louisiana law does not provide third parties with a cause of action against directors and officers for negligence. *See La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 239 (5th Cir. 1988) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 215 (5th Cir. 1986)); *see also Manning v. United Med. Corp. of New Orleans*, 2004-0035, p. 5-6 (La. App. 4 Cir. 4/20/05); 902 So. 2d 406, 410 (quoting *Korson v. Indep. Mall I, Ltd.*, 595 So. 2d 1174, 1178 (La. App. 5th Cir. 1992)) ("[T]he United States Fifth Circuit has reaffirmed that Louisiana law does not provide third parties with a cause of action against directors and officers for negligence."). However, in *Canter v. Koehring Co.*, the Louisiana

4

Supreme Court established an exception to this rule. *See* 283 So. 2d 716, 721 (La. 1973), *superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.*, 740 So.2d 1262, 1265 (La. 1999); *Rolls on behalf of A.R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 437-438 (5th Cir. 2022) (applying *Canter* to determine whether a management-level employee can be held personally liable for a plaintiff's injury).

A plaintiff can hold a director or officer personally liable for an injury when the following four elements are met:

> (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages . . . [and] personal liability [is not] imposed upon the employee simply because of his general administrative responsibility for some function of employment.

*Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citing *Canter*, 283 So. 2d at 721); *see also Rolls*, 34 F.4th at 437-438. *Canter* liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims. *Kling*, 575 F.3d at 515 (citing *Unimobil*, 797 F.2d at 217; *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994)).

5

**C. Whether *Canter* Applies**

In defendants' motion to dismiss, they rely on *Canter* as "[t]he seminal authority in Louisiana for imposition of executive officer liability." Rec. Doc. 158-1 at 5. However, in their reply they seem to suggest that "executive officer liability under *Canter* was superseded by Act No. 147 when the 1976 legislature amended La. R.S. 23:1032 to extend employer tort immunity to persons previously considered third parties under the act." Rec. Doc. 172 at 2.[1] In making this suggestion, defendants nevertheless misunderstand the effect of the 1976 amendment on Louisiana Revised Statute 23:1032.

Defendants are correct that prior to the 1976 amendment, § 23:1032 provided that "workers' compensation benefits were the exclusive remedy of an employee, his personal representatives, dependents or relations, against an employer for injuries arising out of and in the course of his employment." *Walls*, 740 So. 2d at 1265; *see also* Rec. Doc. 172 at 2. The law did not "expressly confer immunity from tort suits on any person other than the employer;" consequently, *Canter* held that although barred from seeking recovery from their employer, injured workers were "allowed to seek recovery in tort from negligent executive officers and their liability insurers." *Walls*, 740 So. 2d at 1265. Not long

---

[1] Defendants last section of their reply entitled, "notwithstanding the above, plaintiff still fails to satisfy the *Canter* factors," also seems to indicate that defendants believe *Canter* should not apply here. *See* Rec. Doc. 172 at 5.

6

after this ruling, the 1976 Louisiana legislature amended § 23:1032 to extend the employer's tort immunity to "persons previously considered third parties under the Act," including "any officer, director, stockholder, partner, or employee of such employer or principal." *See id.; see also* La. Stat. Ann. § 23:1032 (2022). Nevertheless, contrary to defendants' understanding, this amendment did not completely foreclose *Canter*'s application.

Long after the 1976 amendment to § 23:1032, the Fifth Circuit affirmed that "[i]n Louisiana, the legal framework with which to conduct [an executive officer liability] examination is provided by *Canter*." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 385 (5th Cir. 2009). The Court specified that "[i]n *Canter*, the Supreme Court of Louisiana approved a four-part test to determine whether individual liability may be established against an employee for breach of a duty imposed solely by reason of his employment or agency relationship." *Id.; see also Rolls*, 34 F.4th at 437-438. "In cases where the suit is brought by a non-employee third-party, as here, executive officer liability for negligence has not been abrogated." *Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 244 n.1 (5th Cir. 2011) (citing *In re 1994 Exxon*, 558 F.3d at 386) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons.

Here, plaintiff sues Hopeman Brothers's executive officers for negligence. *See* Rec. Doc. 129 at 1-2, 23-26. Plaintiff,

7

however, was never a Hopeman employee. *See id.* at 23-26 (alleging that plaintiff was exposed to asbestos from Hopeman's products and employees while employed by Huntington). Consequently, when plaintiff files suit against the Executive Officers, he does so as a "non-employee third party," not a Hopeman Brothers co-employee. *See Kemp*, 440 F. App'x at 240. Meaning, plaintiff's quest to hold the Executive Officers liable for negligence "has not been abrogated." *Id.*; *see also In re 1994 Exxon*, 558 F.3d 378 (applying *Canter* when non-Exxon employees sued a group of Exxon employees for negligence related to a chemical fire); *Ford*, 32 F.3d at 936 (applying *Canter* when plaintiffs sued an Arcadian employee for his role in an explosion that occurred at a fertilizer plant owned by Arcadian). Thus, to the extent that defendants argue executive officer liability under *Canter* was fully superseded by the 1976 amendment to § 23:1032, the Court finds the argument wanting, and thus, applies *Canter* to determine whether plaintiff alleged executive officer liability in the instant matter. *See* Rec. Doc. 172 at 2-3.

### D. Whether Plaintiff Fails to State a Claim Against the Executive Officers

#### 1. Interpreting *Canter*

After determining that *Canter* applies here, the Court must now decide which party applied *Canter* correctly. *See generally* Rec. Docs. 158-1, 167. In defendants' motion to dismiss, they argue

that if *Canter* applies, then plaintiff fails to satisfy the second element of the *Canter* framework, which dictates that the duty of care owed to the third party must be "delegated by the principal or employer to the defendant." Rec. Doc. 158-1 at 5, 9 (quoting *Canter*, 283 So. 2d at 721). Defendants explain that "the Amended Complaint are devoid of any reference to a duty delegated by Plaintiff's employer, Avondale, to Hopeman's alleged executive officers, an essential element of executive officer liability under Louisiana law." *Id.* at 9. Plaintiff, on the other hand, implores the Court to interpret the second prong as requiring a "look to the delegation of duty between defendant Hopeman and Hopeman's [Executive Officers]—not Avondale." Rec. Doc. 167 at 9. According to plaintiff, "[i]n a third-party claim where a non-employee alleges liability on the part of a defendant's executive officers, the focus must be on the relationship, and the acts or omissions, between the defendant tortfeasor and its executive officers." *Id.* After careful consideration, the Court finds that plaintiff provides the correct interpretation.

In *Canter*, plaintiff was employed on a construction contract between his employer, the Industrial Construction Company, and Pittsburgh Plate Glass Company to build a chemical plant. 283 So. 2d at 723. After dying from a workplace accident while helping to build the plant, plaintiff's widow brought a wrongful death action against five Pittsburgh Plate engineers and their insurer. *Id.* In

9

determining whether plaintiff had a valid claim against Pittsburgh's employees, the Louisiana Supreme Court did not evaluate whether plaintiff's employer, the Industrial Construction Company, had delegated a duty of care to the Pittsburgh Plate engineers. *See id.* Instead, the court examined whether Pittsburgh Plate, the corporate entity, had delegated the duty to the engineers, employees of the corporation. *See id.* (finding that Pittsburgh Plate "had delegated to these engineers whatever responsibilities it had for furnishing engineering specifications, services, and instructions under its contract with Industrial").

Thus here, the Court need not analyze whether plaintiff alleges his employer, Avondale, delegated a duty of care to Hopeman Brothers's executive officers. *See id.* To assess whether the Executive Officers, not only Hopeman Brothers, are liable for plaintiff's injuries, the Court must determine whether plaintiff alleged that Hopeman Brothers delegated a duty of care to its Executive Officers—not Avondale. *See id*; *see also Kemp*, 440 F. App'x at 245 (stating that plaintiffs must prove "CTL delegated its duty to McLelland" when plaintiffs' deceased husband/father worked for Delta Trailer, Inc., not CTL, and McLelland, was the CTL employee who plaintiff sued); *Cambre v. Union Carbide Corp.*, No. 21-1067, 2022 WL 671655, at *1, 3 (E.D. La. Mar. 7, 2022) (finding that "Dow and Union Carbide did not, as required under *Canter*, delegate relevant safety duties to the employee

10

defendants" when non-employee plaintiffs sued Dow and Union Carbide employees); *Wright v. ANR Pipeline Co.*, 652 F. App'x 268, 270 (5th Cir. 2016) (per curiam) (finding non-employee plaintiffs did not establish that pipeline companies delegated a duty of care to Lucky, a pipeline company employee), *vacating Ayers v. ANR Pipeline Co.*, No. 10-925, 2011 WL 13359147 (W.D. La. June 4, 2011).[2]

### 2. Whether Plaintiff Alleged Facts Sufficient to State a Claim

Although the Court finds plaintiff interpreted *Canter* correctly, it does not necessarily follow that plaintiff stated a valid claim for executive officer liability. The Court must find that plaintiff alleged Hopeman Brothers owed a duty of care to plaintiff, that Hopeman Brothers delegated that duty to the Executive Officers, that the Executive Officers breached that duty through personal fault, and that the Executive Officers had a personal duty toward plaintiff, and personal liability is not being imposed simply because of the Executive Officers' general administrative responsibility. *See Rolls*, 34 F.4th at 437-438 (citing *Canter*, 283 So. 2d at 721). Defendants mainly argue that plaintiff fails to allege that Hopeman Brothers delegated a duty

---

[2] Because the Court finds that the relevant inquiry is not whether Avondale delegated a duty of care to the Executive Officers, but rather whether Hopeman Brothers delegated this duty, defendants' arguments regarding whether Avondale "had a non-delegable duty to provide and maintain a safe workplace safe from asbestos exposure" are irrelevant and need not be addressed by the Court. *See* Rec. Doc. 158-1 at 7-9; Rec. Doc. 167 at 5. Moreover, defendants seem to concede that Hopeman Brothers did have a duty toward plaintiff. *See* Rec. Doc. 172 at 3.

11

of care to the Executive Officers. *See* Rec. Doc. 158-1 at 7-10; Rec. Doc. 172 at 5. However, the Court must establish that plaintiff pleaded all the *Canter* elements to find a cause of action for executive officer liability. *See Rolls*, F. 4th at 437.

First, plaintiff did allege that Hopeman Brothers owed him a duty of care. *See* Rec. Doc. 129 at 23. In his complaint, plaintiff states, "Hopeman Brothers, Inc. negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Complainant regarding the asbestos products known as marinite/micarta "sandwich" boards, sold, distributed, supplied and/or used by Hopeman Brothers, Inc. at Avondale Shipyard." *Id.*; *see also id.* at 16-17 (alleging that defendants had a duty of care to plaintiff). He then describes nine different ways that Hopeman Brothers failed to discharge their duties to plaintiff. *Id.* at 23-24. Moreover, defendants essentially concede in their reply memorandum that plaintiff has a valid claim against Hopeman Brothers, implying that Hopeman Brothers indeed had a duty toward plaintiff. *See* Rec. Doc. 172 at 3 (acknowledging that Hopeman Brothers can face liability for injuries it caused to plaintiff). Accordingly, plaintiff has alleged that Hopeman Brothers owes a duty of care to plaintiff, the breach of which has caused the damage for which recovery is sought. *See Ford*, 32 F.3d at 936 (citing *Canter*, 283 So. 2d at 721).

Regarding *Canter*'s second prong, plaintiff claims he alleges that Hopeman Brothers delegated a duty of care to the Executive Officers. *See* Rec. Doc. 167 at 11. In plaintiff's complaint he specifically states:

> Albert Arendt Hopeman Jr., Bertram C. Hopeman, Charles Johnson[,] and Kenneth Wood were Executive Officers of Hopeman Brothers, Inc. (or its legal predecessors) with the specific responsibility for the health and safety of Complainant and his fellow employees during the time he were exposed to substances which resulted in Complainant's mesothelioma and other ill effects related thereto.

Rec. Doc. 129 at 24. Plaintiff argues that this allegation represents "a specific delegation of responsibility to protect him from the dangers of asbestos that Hopeman was negligently, recklessly, and willfully creating." Rec. Doc. 167 at 11. However, rather than providing factual allegations, plaintiff merely offers a conclusory statement. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Other than this one allegation, plaintiff does not deliver any facts to support the notion that Hopeman Brothers indeed delegated its duty of care to the Executive Officers. *See* Rec. Doc. 129 at 23-26. Thus, plaintiff does not seem to satisfy the second element of the *Canter* framework.

Nevertheless, even if the Court were to assume that plaintiff alleged a duty to delegate to the Executive Officers, plaintiff

13

has also failed to satisfy the third and fourth elements of the *Canter* framework. *See* Rec. Doc. 158-1 at 10. The third prong specifically requires that plaintiff allege the Executive Officers "bear[] *personal* blame for" plaintiff's injuries. *Rolls*, 34 F.4th at 438. Furthermore, "for personal liability to attach under *Canter*, the employee defendant must have had some personal contact with and responsibility toward the injured plaintiff." *Cambre*, 2022 WL 671655, at *4 (citing *Kemp*, 440 F. App'x at 246; *Esco v. Smith*, 468 So. 2d 1169 (La. 1985)). Additionally, "[w]hether the [executive officer] was aware or should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent [executive officer] would respond in the same or similar circumstances" is a key issue in determining executive officer liability. *Kemp*, 440 F. App'x at 246 (quoting *Ford*, 32 F.3d at 936). An executive officer's "knowledge of the dangers present could give rise to the personal duty contemplated in *Canter*." *Cambre*, 2022 WL 671655, at *5 (quoting *Ford*, 32 F.3d at 936).

In his complaint, plaintiff does allege that the Executive Officers "knew that there were specific engineering and industrial hygiene procedures which should have been employed by Hopeman Brothers, Inc.'s employees to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously exposed those in the household."

14

Rec. Doc. 129 at 25. Plaintiff claims that the Executive Officers "consciously and intentionally chose not to inform Complainant of this information or implement any meaningful safety precautions." *Id.* However, these generalized claims fall short of alleging that the Executive Officers had actual knowledge of a discrete, imminent risk, which ultimately led to plaintiff's injuries. *See Ford*, 32 F.3d at 939 (finding *Canter* liability when employees testified that they had complained of safety issues to management, management refused to act, and management said "[s]ometimes you have to overlook safety to get the job done"); *Ellis v. Evonik Corp.*, No. 21-1089, 2021 WL 4862146, at *6 (E.D. La. Oct. 19, 2021) (finding that a claim of "actual knowledge" of health risks "because [the employees'] respective roles at the facility required them to be aware of the health effects . . . which were widely known in their industry to cause cancer" was "speculative" and "falls far short of sufficiently alleging that these four employees had actual knowledge of a particular health risk"). Importantly, plaintiff never alleges that the Executive Officers had "some personal contact with and responsibility toward the injured plaintiff," which *Canter* requires. *See Kemp*, 440 F. App'x at 246 (quoting *Esco*, 468 So. 2d at 1175) ("[T]he Louisiana Supreme Court has explained that in order for personal liability to attach under *Canter*, 'that person must have some personal contact with and responsibility towards the injured employee.'").

15

Plaintiff does detail that there were reports and protocols that could have alerted defendants of the need to mitigate health risks associated with asbestos-containing products. Rec. Doc. 129 at 6-17. Additionally, plaintiff alleges that "Defendants were or should have been aware of the deadly danger of asbestos dust to workers using asbestos containing products or working around others who were using asbestos containing products." *Id.* at 6. Nevertheless, plaintiff does not allege facts demonstrating defendants "bear[] personal blame for" plaintiff's injuries. *See generally* Rec. Doc. 129; *see also Rolls*, 34 F.4th at 438. Accordingly, plaintiff has failed to state a claim for executive officer liability, and this claim must be dismissed, unless plaintiff effectively cures noted factual deficiencies in an amended complaint **no later than July 8, 2022**.³

New Orleans, Louisiana this 15th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

³ Defendants also move to strike the exhibits attached to plaintiff's opposition memorandum, claiming that the Court may only rely on the Complaint in denying a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 172 at 1-2. When considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, a district court may consider documents "attached to the motion to dismiss" when the documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The exhibits attached to plaintiff's opposition are neither referred to in plaintiff's complaint nor do they seem central to plaintiff's claim that the Executive Officers are liable for plaintiff's injuries. *See generally* Rec. Doc. 129. Accordingly, the Court does not rely on these exhibits in determining that plaintiff failed to state a claim of executive officer liability.

16