UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNARD H. STANSBURY**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 21-1909**

**MCCARTY CORPORATION, ET AL.**             **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are third-party defendant MW Custom Papers, LLC ("MW Custom")'s motion to dismiss Albert L. Bossier, Jr.'s third-party claims against MW Custom for failure to timely substitute a party (Rec. Doc. 173) and a suggestion of death regarding Albert L. Bossier, Jr. (Rec. Doc. 101).

For the reasons discussed below,

**IT IS ORDERED** that third-party defendant MW Custom's motion to dismiss for failure to timely substitute a party (Rec. Doc. 173) is **GRANTED,** dismissing third-party plaintiff Albert L. Bossier, Jr.'s claims against MW Custom without prejudice.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff Lennard H. Stansbury alleges exposure to asbestos when he worked at various industrial and marine jobsites in the greater New Orleans, Louisiana area from approximately 1966 to the late 1970s. The jobsites included Avondale Shipyard and Dixie Machine, Welding & Metal Works, Inc. Rec. Doc. 7-1 at 3; Rec. Doc. 1-1 at 2; Rec. Doc. 1-2 at 24. Plaintiff currently suffers from

1

mesothelioma which he attributes to his occupational exposure to asbestos. Rec. Doc. 7-1 at 3.

On November 20, 2020, plaintiff filed suit in state court alleging negligence, product liability, and tort liability related to asbestos exposure. Rec. Doc. 1-1 at 4. Employers Insurance Company of Wausau filed a third-party demand on August 24, 2021, naming Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Huntington") and Albert L. Bossier, Jr. as third-party defendants. Rec. Doc. 1-4 at 19. Huntington then filed a notice of removal on October 19, 2021. Rec. Doc. 1. Plaintiff subsequently filed a motion to remand (Rec. Doc. 7), which was denied by this Court on January 6, 2022. Rec. Doc. 98.

Bossier, Jr. filed a third-party demand naming MW Custom Papers as a defendant on October 20, 2021. Rec. Doc. 4 at 13. Almost one month later, on November 14, 2021, Bossier, Jr. passed away. Rec. Doc. 101. On January 7, 2022, Bossier, Jr.'s counsel filed a suggestion of death noting Bossier, Jr.'s death into the record. *Id.* The notice was served on MW Custom the same day via the Court's electronic filing system. Rec. Doc. 173-1 at 1. MW Custom filed the instant motion to dismiss Albert L. Bossier, Jr.'s third-party claims against MW Custom for failure to timely

substitute a party on June 1, 2022.[1] Rec. Doc. 173. No party timely opposed MW Custom's motion.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Here, Bossier, Jr. died on November 14, 2021. Rec. Doc. 101; *see also Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 1595837, at *1 (E.D. La. May 19, 2022). On January 7, 2022, Bossier, Jr.'s counsel filed a suggestion of death into the record of this case, which was electronically served to all counsel of record. Rec. Doc. 101; Rec. Doc. 173-1 at 1.

More than ninety days have passed since service of Bossier, Jr.'s suggestion of death, and no motion for substitution has been made. Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss Bossier, Jr.'s cross claims against MW Custom. *See* Fed. R. Civ. P. 25(a)(1); *Cortez*, 2022 WL 1595837, at *2 (dismissing Bossier, Jr.'s claims under identical circumstances); *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (acknowledging that after "service of the statement noting death, a motion for

---

[1] Ameron International Corporation filed a similar motion on June 15, 2022, which is still pending before the Court. Rec. Doc. 174.

3

substitution of the proper party must be made within ninety days or the action must be dismissed").

New Orleans, Louisiana this 15th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

4