UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNARD H. STANSBURY**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 21-1909**

**MCCARTY CORPORATION, ET AL.**              **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are plaintiff Lennard Stansbury ("Stansbury")'s motion to remand (Rec. Doc. 190), defendant Employers Insurance Company of Wausau ("Wausau")'s response in opposition (Rec. Doc. 191), and plaintiff's reply in support of its motion (Rec. Doc. 199).

**IT IS ORDERED** that the motion to remand is **GRANTED, by declining supplemental jurisdiction over remaining state claims.** Pending motions are dismissed as moot, subject to consideration by the Orleans Parish Civil District Court on remand.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Lennard H. Stansbury alleges exposure to asbestos when he worked at various industrial and marine jobsites in the greater New Orleans, Louisiana area from approximately 1966 to the late 1970s. Rec. Doc. 191 at 1. The jobsites included Avondale's shipyard and Dixie Machine, Welding & Metal Works, Inc., the latter of which is insured by Wausau. *Id.* Plaintiff currently suffers from mesothelioma which he attributes to his occupational exposure to asbestos. Rec. Doc. 190 at 2.

1

On November 20, 2020, plaintiff filed suit in state court alleging negligence, product liability, and tort liability related to asbestos exposure. Rec. Doc. 190-1 at 2; Rec. Doc. 191 at 1. Wausau filed a third-party demand on August 24, 2021, naming Avondale as a third-party defendant. Rec. Doc. 190-1 at 2; Rec. Doc. 191 at 2. Avondale then filed a notice of removal on October 19, 2021 pursuant to 28 U.S.C. § 1442(a)(1). Rec. Doc. 190-1 at 2, Rec. Doc. 191 at 2. Plaintiff responded by filing a remand motion (Rec. Doc. 7), which the Court denied on January 5, 2022 (Rec. Doc. 98). Afterwards, Avondale was dismissed by stipulation (Rec. Doc. 132) and further moved to dismiss its cross and third-party claims (Rec. Docs. 168-69). On August 16, 2022, plaintiff filed the instant motion to remand (Rec. Doc. 190), which defendant Wausau opposes (Rec. Doc. 191).

## II. LAW AND ANALYSIS

### A. Jurisdiction

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against an officer, person acting under that officer, or agency of the United States when that entity is acting "for or relating to any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). "The removing defendant bears the burden of demonstrating federal subject matter jurisdiction exists" and that removal was thus proper. *Breaux v. Gulf Stream Coach, Inc.*, No. 08-893, 2009 WL

2

152109, at *1 (E.D. La. Jan. 21, 2009) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). Unlike other forms of removal that are strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Neal v. Ameron Int'l Corp.*, 495 F. Supp. 3d 375, 382 (M.D. La. 2020); *see Breaux,* 2009 WL 152109, at *2.

The Supreme Court has urged courts to refrain from "a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). The Federal Officer Removal Statute does not require that the district court have original jurisdiction over the plaintiff's claims, and claims may be removed even if a federal question arise as a defense rather than a claim in the plaintiff's complaint. *See Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Therefore, the Fifth Circuit allows federal officers to remove cases to federal court beyond the scope of federal question removal. *Reulet v. Lamorak Ins. Co.*, No. 20-404-BAJ-EWD, 2021 WL 1151568, at *4 (M.D. La. Mar. 4, 2021)("according to the Fifth Circuit, federal officers may remove cases to federal court that ordinary federal question removal would not reach").

Fifth Circuit precedent previously interpreted the "for or relating to" clause in the federal removal statute as requiring

3

defendants to show "that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." *Latiolais*, 951 F.3d at 291. The Fifth Circuit's more recent decisions have deviated from this approach, and instead, have considered whether "defendant's actions 'related to' a federal directive." *See St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 990 F.3d 447, 452 (5th Cir. 2021) (quoting *Latiolais*, 951 F.3d at 291, 296). Under this approach, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it acted pursuant to a federal officer's directions, and (4) the charged conduct is *connected or associated* with an act pursuant to a federal officer's directions. *Latiolais*, 951 F.3d at 296. The Court thus considers whether Wausau independently meets the requirements for federal officer removal.

1. **Are defendants "persons" within the meaning of the statute?**

There is no dispute with respect to the first factor. Wausau, insured of Dixie Machine, is a corporate entity, which qualifies as a "person" within the meaning of the statute. *Najolia v. Northrop Grumman Ship Sys., Inc.*, 883 F. Supp. 2d 646, 651 (E.D. La. 2012)(noting "[t]he Fifth Circuit has found that corporate entities may qualify as such persons")(citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998)).

4

2. **Were defendants acting under the direction of a federal officer?**

Here, defendant insists that it "has a colorable federal defense of preemption" under the Longshore and Harborworkers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, because Wausau pleaded LHWCA preemption as an affirmative defense in its answer. Rec Doc. 191 at 6. In relevant part, defendant's point to their seventy-ninth defense found in their answer to plaintiff's amended complaint. Rec. Doc. 146 at 17 ("In the alternative, Wausau pleads that the plaintiff has failed to state a cause of action or claim, as plaintiff's sole remedy for the alleged injuries complained of herein, if any, is provided for exclusively in the Longshore and Harbor Workers' Compensation Act or, alternatively, the Louisiana Workers' Compensation Act, which bars all allegations herein."). Defendants then continue explaining why Wausau meets the status and situs requirement of the LHWCA. *Id.* at 7-10.

However, defendant makes no mention in any of its prior or contemporaneous pleadings as to how Dixie Machine meets the federal officer requirements. Rec. Doc. 191 at 6-10; *see also* Rec. Doc. 199 at 5. For instance, Wausau never expressly states that their insurer, Dixie Machine, was a government vessel, or that Dixie Machine was working pursuant to a contract with the United States government. *Dempster v. Lamorak Ins. Co.*, 435 F.

5

Supp. 3d 708, 724 (E.D. La. 2020)(finding defendants acted pursuant to a federal officer direction because decedent "was exposed to asbestos while working on Navy Destroyer Escorts, which were constructed by Avondale pursuant to a contract with the United States government"). Thus, Wausau's current pleadings cannot meet the federal officer requirements.

3. **Was there a causal nexus between plaintiff's claims and defendant's actions performed under color of a federal office?**

Because defendant failed to demonstrate the government exercised the requisite authority and control over defendants' safety procedures, there can be no connection or association between the authority of the federal officer and plaintiff's claims that defendants failed to safely use asbestos. *Sheppard v. Northrop Grumman Sys. Corp.*, No. 07-2208, 2007 WL 1550992, at *6 (E.D. La. May 24, 2007); *Bradley v. Northrop Grumman Sys. Corp.*, No. 07-1422, 2007 WL 1115246, at *3 (E.D. La. Apr. 12, 2007); *Gauthe v. Asbestos Corp.*, No. 96-2454, 1997 WL 3255, at *3 (E.D. La. Jan. 2, 1997)(no causal connection).

4. **Have defendants established a colorable federal defense?**

The Court agrees with plaintiff's contention that it is well-settled black letter law that the LHWCA when asserted as a defense, alone, does not provide an independent grant of jurisdiction. Rec. Doc. 199 at 5. The Fifth Circuit considered this precise issue in *Aaron v. Nat'l Union Fire Ins. Co. of*

*Pittsburg, Pa.*, 876 F.2d 1157, 1165 (5th Cir. 1989). There, the Fifth Circuit found that "federal question jurisdiction can only be obtained for claims regarding the LHWCA under the general federal question provisions of 28 U.S.C. § 1331." *Id.* Accordingly, the "LHWCA is, in this case, nothing more than a statutory defense to a state-court cause of action—the classic circumstance of non-removability." *Id.* at 1166. But most relevant to the instant case is the Fifth Circuit's conclusion that "the LHWCA, when its preemptive power is asserted as a defense to a claim, will not overcome the well-pleaded complaint rule to create federal removal jurisdiction." *Id.* (citing *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173 (5th Cir.1984)).

With the passage of time, the Fifth Circuit considered the same inquiry and yielded the same conclusion: "there is no question that the LHWCA does not create federal subject matter jurisdiction supporting removal. The LHWCA is a preemption defense that needs to be raised in state court." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001)(internal citations omitted).

Finally, courts within this district have also applied this principle and required remand where the LHWCA was pleaded alone. *See Bradley v. Northrop Grumman Sys. Corp.*, No. CIV.A.07-1422, 2007 WL 1115246, at *3 (E.D. La. Apr. 12, 2007) (remanding because "neither immunity under the 'Government Contractors

7

Defense' nor immunity under the Longshore Harbor Workers Compensation Act provide Defendants with a colorable federal defense to Plaintiff's claims"); *see also Hernandez v. Todd Shipyards Corp.*, No. 04-1629, 2004 WL 1543184, at *5 (E.D. La. July 8, 2004)(noting "because the LHWCA has been raised as a defense to plaintiff's state law causes of action . . . this Court does not have subject matter jurisdiction over this action. 'The LHWCA is a preemption defense that needs to be raised in state court'"); *see also Bartley v. Borden, Inc.*, No. 96-160, 1996 WL 68482, at *4 (E.D. La. Feb. 13, 1996)(concluding "*Aaron* is still binding precedent which compels the conclusion that the well-pleaded complaint rule applies, the LHWCA does not provide removability as 'complete pre-emption' of state law, and that the actions must be remanded").

5. **The Court may still exercise discretion to retain jurisdiction**

Despite Wausau's failure to invoke government contractor removal, as the LHWCA is not an independent means for 1442(a)(1) jurisdiction, the Court may nevertheless retain jurisdiction within its discretion.

Both the Fifth Circuit and other courts within this district have clarified that in the context of section 1442(a) removal, "dismissal of the federal defendant (the defendant entitled to section 1442 removal) does not 'deprive the district

court of power to entertain the remaining state law controversy'" *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2012 1448132, at *7 (E.D. La. Apr. 26, 2012)(citing *IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982)). Specifically, section 1442(a)(1) "creates a species of ancillary jurisdiction over the nonfederal elements of the case" so that "ancillary counterclaims may be considered after the main claim has been disposed of." *IMFC Pro. Servs. of Fla., Inc.*, 676 F.2d at 158-59. In situations like this, public policy favors retaining non-federal claims once the removing federal officer is no longer in the case because "[i]f [the officer's] falling out of the case were held to require an automatic remand waste of judicial resources might result." *Id.* at 160.

In the instant case, the Avondale defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1) on October 19, 2021. Rec. Doc. 191 at 2. Even though the Avondale defendants have been dismissed by stipulation (Rec. Doc. 132) and have since dismissed their cross claims and third-party complaints (Rec. Doc. 168), the Court can still opt to retain jurisdiction. *See In re* FEMA, 2012 1448132, at *7; *see also IMFC Pro. Servs. of Fla., Inc.* at 158. In his reply, plaintiff even concedes that "this Court can assert supplemental jurisdiction over his mesothelioma case." Rec. Doc. 199 at 1.

9

Because the Court may retain jurisdiction given established circuit and district precedent, the Court now considers the parties' arguments as to whether the Court should remand pursuant to 28 U.S.C. 1367(c).

**B. 28 U.S.C. 1367(c) Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367, "district courts may decline to exercise supplemental jurisdiction over a claim" if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to the statutory provisions governing the exercise of supplemental jurisdiction, the Court also balances "the relevant factors of judicial economy, convenience, fairness, and comity." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "No single factor is dispositive." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

**1. There exists a complex issue of State law**

The first factor weighs in favor of declining supplemental jurisdiction. The Court is persuaded by plaintiff's argument that "complex issues of historical state tort liability and virile share law" require remand. Rec. Doc. 190-1 at 4. Although a previous Order and Reasons found "this matter does not present any novel or complex issues of state law," (Rec. Doc. 98), and while the remaining issues are not novel, the Court finds plaintiff's instant argument convincing because in another pending asbestos exposure case, similar to this exposure case, there are complex causal issues at stake.

### 2. The state claims predominate over the non-existent federal claims

Second, the Louisiana state claims predominate over the non-existent federal claims. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)(finding the second statutory factor favors remand because the district court dismissed all federal claims, resulting in state claims predominating over non-existent federal claims). As noted above, Wausau only asserts the LHWCA federal defense, which the Court established is insufficient as a standalone basis for subject matter jurisdiction. Rec. Doc. 191 at 6-10. Thus, remand is proper under this prong.

### 3. All federal claims have been dismissed

The third prong of the Court's supplemental jurisdiction analysis is neutral. Plaintiff avers that "all third-party claims filed against Defendants asserting a federal defense have been dismissed" and "all remaining claims in this case arise under state law and are between parties that are non-diverse." Rec. Doc. 190-1 at 3. But, as noted above, plaintiff's conclusion ignores how the Court may still choose to exercise discretion and exercise supplemental jurisdiction. *See In re* FEMA, 2012 1448132, at *7; *see also IMFC Pro. Servs. of Fla., Inc.* at 158. The Court thus considers the next factor.

**4. Exceptional Circumstances and Common Law Factors**

Plaintiff also claims that the fourth statutory factor favors remand. Rec. Doc. 190-1 at 5. When analyzing whether exceptional circumstances favor remand, courts often consider the common law factors in tandem. *See Enochs*, 641 F.3d at 159. Thus, the Court addresses plaintiff's claims for exceptional circumstances along with considerations of judicial economy, convenience, fairness, and comity.

The Court is convinced by plaintiff's contention that because "Mr. Stansbury is still alive," "an immediate Order remanding his case would allow him to petition the Civil District Court of Orleans Parish for an expedited trial setting" pursuant to Louisiana Code of Civil Procedure article 1573. Rec. Doc. 190-1 at 5.

This matter was removed on October 19, 2021 (Rec. Doc. 1), has been pending in front of this Court for nearly a year, and is approximately four months away from trial (Rec. Doc. 130). Since it was removed, the Court has considered and ruled on numerous motions, including a previous motion to remand (Rec. Doc. 98). Plaintiff correctly states that that "dispositive motion, expert challenge, evidentiary deadlines" and other pre-trial matters have not yet passed. Rec. Doc. 190-1 at 5. Plaintiff chose state court initially and both sides were before that court for around the same amount of time as here.

The Court finds Wausau's remaining arguments[1] unpersuasive. Work performed there, as well as here, will aid its progression in the first chosen jurisdiction.

New Orleans, Louisiana this 4th day of October 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court rejects Wausau's remaining substantive common law arguments, which defendant believes lean in favor of remand. Rec. Doc. 199 at 12-13. First, the fact that both the state and federal forums are based in New Orleans, LA is a neutral consideration. *See K&F Rest. Holdings, Ltd. v. Rouse*, No. 16-293, 2016 WL 6901375, at *6 (M.D. La. Sept. 22, 2016)("The state and federal district court are located in the same city, and therefore either forum is equally convenient for the parties"); *see also Inge v. Walker*, No. 3:16-CV-0042-B, 2016 WL 4920288, at *9 (N.D. Tex. Sept. 15, 2016) ("When considering convenience in relation to location, the Court determines that the factor is neutral as the state and federal court are located within the same city"). Second, as noted above, Wausau's LHWCA federal defense could also be adjudicated in state court, making that point neutral as well. Finally, because the LHWCA is not an independent source of jurisdiction, comity favors remand. Rec. Doc. 191 at 12.